# EXHIBIT A

Filing # 244079723 E-Filed 03/18/2026 12:58:55 PM

## IN THE CIRCUIT COURT OF THE FIFTHTEENTH JUDICIAL
## CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

JOHN MARZ

    Plaintiff

vs.

THE UNIVERSITY ATHLETIC ASSOCIATION, INC., d/b/a FLORIDA GATORS,

    Defendant

Case Number: _____

Division: _____

**SUMMONS**

A True Copy
**CHAD D. SCOTT, SHERIFF**
**ALACHUA COUNTY, FLORIDA**
Served at 10:18 AM/PM on the 13 Day
of APRIL , 2026
BY BT Nicole Yancey 4393
AS DEPUTY SHERIFF

**THE STATE OF FLORIDA**: To Each
Sheriff of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in this lawsuit on defendant(s) THE UNIVERSITY ATHLETIC ASSOCIATION, INC., d/b/a FLORIDA GATORS at 121 Gale Lemerand Dr. Ben Hill Griffin Stadium GAINESVILLE, FL 32611.

**DATED on** **Mar 19 2026**

Attorney: Andrew Schertzer

Attorney For: Plaintiff

Address: 712 S. Howard Ave Unit 205

Tampa, FL 33606

Florida Bar Number: 1044359

**MIKE CARUSO**
As Clerk of the Court

By: _____

As Deputy Clerk

Florida Rules of Civil Procedure Form 1.902(b) (01/06/2025)

Page 1 of 2

Electronically Filed: Palm Beach County / 15th Judicial Circuit

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355 4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

Filing # 244079723 E-Filed 03/18/2026 12:58:55 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION


JOHN MARZ,                                        CASE NO.:

      Plaintiff,

vs.

THE UNIVERSITY ATHLETIC ASSOCIATION, INC., d/b/a FLORIDA
GATORS,


      Defendant.

_____/

## COMPLAINT

Plaintiff JOHN MARZ through undersigned counsel, sues Defendant THE

UNIVERSITY ATHLETIC ASSOCIATION, INC., d/b/a FLORIDA GATORS,

hereinafter ("FLORIDA GATORS"), and alleges as follows:

This is an action for unlawful disability discrimination in violation of Title

III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"),

and 28 C.F.R. Part 36, and a violation of Florida's Deceptive and Unfair Trade

Practices Act ("FDUPTA") §501.211. Plaintiff is seeking injunctive relief,

attorney's fees, declaratory judgment, costs, litigation expenses, and any other

relief this Court finds just.


## PARTIES AND VENUE

1

1. Plaintiff is a resident of Palm Beach County, Florida and is *sui juris*.

2. Plaintiff has severely limited vision, is blind, and is a visually impaired handicapped person. He is a member of a protected class of individuals under the ADA, under 42 U.S.C. § 12102(1)-(2), and under 28 CFR §§ 36.101 *et seq.*

3. Plaintiff cannot navigate websites without screen-reading software which allows him to read website content using his computer. Plaintiff is not entirely blind. Many blind people have limited vision, while others have no vision at all. The terminology "blind" or "visually impaired" refers to the legal definition of blindness. This means a visual acuity with correction of less than or equal to 20 x 200.

4. Plaintiff uses a computer program called "JAWS," or Job Access With Speech, to communicate with company websites. The screen reading software uses auditory cues to allow a visually impaired user to effectively navigate websites. The screen reader will list several auditory cues to the user, which allows them to listen in turn and respond accordingly with their keyboard.

5. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purposes of asserting her civil rights and monitoring, ensuring, and determining whether places of public

2

accommodation and/or their respective and associated websites are in compliance with the ADA and any other applicable disability laws, regulations, and ordinances.

6. Defendant FLORIDA GATORS was/is, a FL corporation with its principal place of business located at 121 Gale Lemerand Dr. Ben Hill Griffin Stadium GAINESVILLE, FL 32611. Their registered agent is: Alexander, Raquhel 121 Gale Lemerand Dr. Ben Hill Griffin Stadium GAINESVILLE, FL 32611.

7. Defendant was conducting business in this jurisdiction at the time of the incident. Defendant operates the website https://floridagators.com/, hereinafter ("Website" or "the Website"). On the Website, Defendant advertises, offers their products and/or services, and operates in Florida.

8. Defendant's Website, and its goods and/or services offered, are a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

9. Venue is proper in this jurisdiction because all actions, injuries, and damages happened in this County. Defendant does a substantial amount of business in this County. Venue is proper under where the cause of action accrued, which is in this County and meets the

3

requirements of Fla. Stat. Ann. § 47.051. Plaintiff attempted to navigate the subject Website within this County.

## JURISDICTION

10. This Court has subject-matter jurisdiction over this action under Fla. Stat. Ann. § 34.01, as Plaintiff's claims are between $8,001 to $50,000. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202, as well as actual damages pursuant to §501.211.

11. Defendant is subject to personal jurisdiction in this county through Fla. Stat. Ann. § 48.193. Defendant has been and is committing the acts or omissions alleged herein in the state of Florida that caused injury and violated rights the ADA prescribes to Plaintiff. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this County: Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered to the general public, on Defendant's Website in this County, as well as has dealt with unfair or deceptive acts or practices in the conduct of commerce.

12. These access barriers that Plaintiff encountered have caused a denial of Plaintiff's full and equal access and now deter Plaintiff on a regular

4

basis from accessing the Defendant's Website in the future.

## FACTUAL BACKGROUND

13. Starting on March 17, 2026, Plaintiff attempted on a number of occasions to utilize the Website to browse through the differing ticket options and other online offers to educate himself and learn about the brick-and-mortar locations, to check store hours, to check pricing with the intent to make a purchase through the Website or in, from, and through the physical store location. Plaintiff was met with several accessibility errors that prevented him from being able to complete the order. Plaintiff was interested in the site both in his individual capacity as well as his role as an ADA tester in seeing if the website contained accessibility errors for him and similarly situated individuals. He still intends to re-visit the website once the accessibility errors are removed.

14. Plaintiff intended to purchase a ticket to the 2026 NCAA Men's Basketball Championship - 1st Round - Session 2 Fri • Mar 20, 2026 • 6:50 PM at the Benchmark International Arena, Tampa, FL. Plaintiff tried several times to access Defendant's website to make this specific purchase but was met with accessibility errors each time.

15. Defendant's website offers features which should allow all consumers to access the goods and services offered by Defendant. This website

5

forms a nexus between online services and the Defendant's brick and mortar place of public accommodation.

16. Plaintiff has been denied the full enjoyment of the facilities, goods and services of https://floridagators.com/, ("The Website" or "Website") as well as deprived of the opportunity to enjoy the facilities, goods and services of Defendant's brick and mortar location, as a result of accessibility barriers on The Website.

17. Plaintiff encountered multiple access barriers that denied him full and equal access to the facilities, goods and services offered by Defendant to the public. Plaintiff was thus, among other things, unable to: learn about store location, hours and contact information, determine prices and other information from the Website.

18. Accessibility issues encountered by Plaintiff when visiting the Defendant's website are the following (and not limited to):

   a. Alt text should not be a meaningless image file name.

   b. Alt text should not contain placeholders like 'picture' or 'spacer'.

   c. An element with aria-hidden=true contains focusablecontent.

   d. An element with role=menuitem must be contained in, or owned by, an element with role=menu or role=menubar.

6

19. Because the Website allows the public the ability to secure information about the locations of Defendant's physical locations, to use their goods or services made in and also available for purchase in, from, and through the physical locations, the Website has a nexus to, and is an extension of and gateway to, the goods, services, privileges, and advantages of Defendant's physical locations, which are places of public accommodation under the ADA. As an extension of and service, privilege, and advantage provided by a place of public accommodation as defined under the ADA, the Website is an extension of the services, privileges, and advantages made available to the general public by Defendant at and through its brick-and-mortar locations and businesses.

20. As the Website is a necessary service, privilege, and advantage of Defendant's brick-and-mortar locations that must comply with all requirements of the ADA, it must not discriminate against individuals with visual disabilities, and also must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages afforded the non-visually disabled public both online and in the physical locations.

21. At all times material hereto, Defendant was and still is an organization owning, operating, and/or controlling the Website. Since the Website is

open to the public through the internet, by this nexus the Website is an intangible service, privilege, and advantage of Defendant's brick-and-mortar locations that must comply with all requirements of the ADA, must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages as are afforded the non-visually disabled public both online and in the physical locations. As such, Defendant has subjected itself and the Website to the requirements of the ADA.

22. Plaintiff is and/or has been a customer who is interested in patronizing and intends to access the Website in the near future once the Website's access barriers are removed or remedied.

23. For Plaintiff, like millions of other visually impaired and blind individuals, finds traveling outside of his home is often a difficult, hazardous, frightening, frustrating, and a confusing experience. Defendant has not provided its business information in any other digital format that is accessible for use by blind and visually disabled individuals using screen reader software.

24. The fact that Plaintiff could not communicate with or within the Website left him feeling isolated, frustrated, and humiliated, and gave him a sense

of segregation, as he is unable to participate in the same shopping experience, with the same access to the goods and services as provided at the Website and in the physical locations as the non-visually disabled public.

25. As there is a nexus between Defendant's physical location and the Website, and the fact that the Website clearly provides support for and is connected to Defendant's location for its operation and use, the Website is an intangible service, privilege, and advantage of Defendant's brick-and-mortar locations that must comply with all requirements of the ADA. Therefore, is must not discriminate against individuals with disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages as afforded the non-visually disabled public both online and in the physical locations, which are places of public accommodation subject to the requirements of the ADA.

26. Defendant has been aware of the need to provide full and equal access to all customers that use the Website.

27. Defendant has been aware of the barriers to effective communication within the Website that prevent visually impaired and blind individuals from comprehending information presented therein.

9

28. Defendant has not provided full and equal access to enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through the Website and the physical locations in contravention of the ADA.

29. Public accommodations under the ADA must ensure that their places of public accommodation provide effective communication for all members of the general public, including individuals with visual disabilities such as Plaintiff.

30. The purpose of the ADA is to provide an equal opportunity for individuals with disabilities to participate in all aspects of American civic and economic life. That mandate extends to internet e-commerce websites such as the Website at issue in the instant action.

31. The barriers that exist on the Website resulted in discriminatory and unequal treatment to individuals with visual disabilities, including Plaintiff.

32. Notice to Defendant is not required because of Defendant's failure to cure the violations.

33. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§2201 and 2202.

**<u>COUNT I – VIOLATION OF THE ADA – 42 U.S.C. § 12182 *et seq.*</u>**

34. Plaintiff re-alleges paragraphs 1 through 33 as if set forth fully herein.

35. Pursuant to 42 U.S.C. §12181(7)(B), Defendant is a public accommodation under the ADA and thus is subject to the ADA.

36. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

37. Pursuant to 42 U.S.C. §12181(7)(B) and 42 U.S.C. § 12182(a), the Website is covered under the ADA because it provides the general public with the ability to locate and learn about Defendant's physical locations, to purchase services and goods that are made in and also available for purchase in, from, and through the physical locations. The Website thus is an extension of, gateway to, and intangible service, privilege, and advantage of Defendant's physical locations. Further, the Website serves to augment Defendant's physical locations by providing the public information about the locations and by educating the public as to Defendant's available products and

services sold through the Website and in, from, and through the physical locations.

38. Under Title III of the ADA, 42 U.S.C. §12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

39. Specifically, under Title III of the ADA, 42 U.S.C. §12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

40. In addition, under Title III of the ADA, 42 U.S.C. §12182(b)(2)(A)(III), unlawful discrimination includes, among other things, "a failure to take such steps, as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated

12

differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

41. Defendant's Website does not comply with the WCAG guidelines as cited in this Complaint.

42. Defendant's non-compliant Website denies blind and visually impaired individuals full and equal access to, and enjoyment of, the goods, information, and services that Defendant has made available to the public on the Website and in the physical locations in violation of 42 U.S.C. §12101, *et seq*, and as prohibited by 42 U.S.C. §12182, *et seq*.

43. Defendant has made insufficient material changes or improvements to the Website to enable its full and equal use and enjoyment by, and accessibility to, blind and visually disabled persons such as Plaintiff.

44. Violations may be present and on other pages of the Website, which can and will be determined and proven through the discovery process in this case.

45. There are readily available, well-established guidelines on the internet for making websites accessible to the blind and visually disabled. These

13

guidelines have been followed by other large business entities in making their websites accessible. An example of such guidelines includes, but is not limited to, adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating such a basic component to make the Website accessible would neither fundamentally alter the nature of Defendant's business nor would it result in an undue burden to Defendant.

46. Defendant has and continues to violate the ADA by denying access to the Website by individuals such as Plaintiff with visual disabilities who require the assistance of screen reader software to comprehend and access internet websites. These violations within the Website are ongoing.

47. The ADA requires that public accommodations and places of public accommodation ensure that communication is effective.

48. According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services include "voice, text, and video-based telecommunications products and systems". Indeed, 28 C.F.R. §36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

49. According to 28 C.F.R. §36.303(c), public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure

effective communication with individuals with disabilities: "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

50. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations, and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

51. As alleged hereinabove, the Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication and thus violates the ADA.

52. As a direct and proximate result of Defendant's failure to provide an ADA compliant Website, with a nexus to its brick-and-mortar locations, Plaintiff has suffered an injury in fact by being denied full and equal access to, enjoyment of, and communication with Defendant's Website and its physical locations.

53. Because of the inadequate development and administration of the Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and 28 C.F.R. §36.303, to remedy the ongoing disability discrimination.

54. This Court is vested with the authority to grant Plaintiff appropriate and necessary injunctive relief.

55. Plaintiff is entitled to recover his reasonable attorney's fees, costs, and expenses pursuant to the ADA. To that end, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendant for the following relief:

a. A permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., and the laws of Florida;

b. A permanent injunction requiring Defendant to take all the steps necessary to make its website fully compliant with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

16

c. A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, and the laws of Florida;

d. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e. Such other and further relief as this Court deems just and proper.

## COUNT II
### Fla. Stat. § 501.211

56. Plaintiff re-alleges paragraphs 1 through 33 as if set forth fully herein.

57. Defendant's site contains an accessibility statement that is deceptive as it advertises to the public that their site is accessible when they are not. Plaintiff is not seeking only injunctive relief and not actual damages.

58. Defendant has violated the Florida Deceptive and Unfair Trade Practices Act. ("FDUTPA"). The FDUTPA makes it unlawful to engage in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1).

59. Additionally, "[C]overage [under FDUTPA] is 'extremely broad.' " *Harris v. Nordyne, LLC*, No. 14-CIV-21884-BLOOM/Valle, 2014 WL

17

12516076, at \*6, 2014 U.S. Dist. LEXIS 189248 (S.D. Fla. Nov. 14, 2014). Trade or commerce is interpreted as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. § 501.203(8). Further, this definition describes "the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity." *Id.* Moreover, FDUTPA applies to even a single deceptive or unfair act "involv[ing] only a single party, a single transaction, or a single contract." *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003). "[A]nyone aggrieved by a violation of [FDUTPA] may bring an action to obtain a declaratory judgment that an act or practice violates [FDUTPA] and to enjoin a person who has violated, is violating, or is otherwise likely to violate [FDUTPA]." Fla. Stat. § 501.211(1).

60. FDUPTA practices are considered unfair if they offend established public policy, are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1098 (11th Cir. 2021). "Whether particular conduct constitutes...an unfair or deceptive trade practice [under FDUTPA] is a

question of fact" for the jury. *Siever v. BW Gaskets, Inc.*, 669 F. Supp. 2d 1286, 1293 (M.D. Fla. 2009).

61. Defendant is operating a website that prevents the visually impaired from receiving the same experience as sighted individuals. This is an unfair business practice as it is the selling of a good or service, advertising, soliciting, offering, distributing, in a way that does not allow visually impaired individuals to receive the same offers, values, and experience as sighted individuals.

62. Under Fla. Stat. Ann. § 501.21(1), " [. . .] anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment [ . . .].

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

a. A declaration that Defendant owns, maintains and/or operates its Website in a manner that engages in an unlawful business practice;

b. A permanent injunction to prohibit Defendant from violating the FDUPTA;

c. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

19

d. Such other and further relief as this Court deems just and proper.

## COUNT III
## DECLARATORY RELIEF

63. Plaintiff repeats the allegations contained in the above as if set forth herein.

64. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that its website contains access barriers denying blind customers the full and equal access to the products, services and facilities of its website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq.

65. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

a. A permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., and the laws of Florida;

20

b. A permanent injunction requiring Defendant to take all the steps necessary to make its website fully compliant with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c. A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, and the laws of Florida;

d. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e. Such other and further relief as this Court deems just and proper.

Dated: March 18, 2026

**F&S LAW GROUP**
**Counsel for Plaintiff**
_/s/ Andrew Schertzer_
By: Andrew Schertzer, Esq.
Fla. Bar No.: 1044359
712 S. Howard Ave #205
Tampa, FL 33606
248-513-1017
Email: aschertzer@fslawpllc.com

22

Case 9:26-cv-80561-XXXX   Document 1-1   Entered on FLSD Docket 05/13/2026   Page 27 of 44

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>JOHN MARZ</u>
Plaintiff                                                     Case # _____

                                                              Judge _____

vs.

<u>THE UNIVERSITY ATHLETIC ASSOCIATION INC</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☒ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

FILED: PALM BEACH COUNTY, FL, MICHAEL A. CARUSO, CLERK, 03/18/2026 12:58:55 PM

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT A CERTIFIED COPY

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

   3

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Andrew james schertzer       Fla. Bar # 1044359
       Attorney or party           (Bar # if attorney)

Andrew james schertzer          03/18/2026
 (type or print name)          Date

NOT A CERTIFIED COPY



**MIKE CARUSO**

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

**RECEIPT**

6199561

Printed On:
03/19/2026 10:53
Page 1 of 1

| Receipt Number: 6199561 - Date 03/19/2026  Time 10:53AM | | | |
|---|---|---|---|
| **Received of:** | Schertzer Law, PLLC 712 south howard ave #205 TAMPA, FL 33606 | | |
| **Cashier Name:** ADMIN | | **Balance Owed:** | 411.00 |
| **Cashier Location:** E-Filing | | **Total Amount Paid:** | 411.00 |
| **Receipt ID:** 12664695 | | **Remaining Balance:** | 0.00 |
| **Division:** AK: Circuit Civil Central - AK(Civil) | | | |
| **Case# 50-2026-CA-003138-XXXA-MB -- PLAINTIFF/PETITIONER: MARZ, JOHN** | | | |
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 18359654 | 411.00 |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |



**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

## IN THE CIRCUIT COURT OF THE FIFTHTEENTH JUDICIAL
## CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

JOHN MARZ

Case Number: _____

Plaintiff

Division: _____

vs.

THE UNIVERSITY ATHLETIC ASSOCIATION, INC., d/b/a FLORIDA GATORS,

Defendant

### SUMMONS

**THE STATE OF FLORIDA**: To Each
Sheriff of the State:

        **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in this lawsuit on defendant(s) THE UNIVERSITY ATHLETIC ASSOCIATION, INC., d/b/a FLORIDA GATORS at 121 Gale Lemerand Dr. Ben Hill Griffin Stadium GAINESVILLE, FL 32611.

**DATED** on **Mar 19 2026**

Attorney: Andrew Schertzer

Attorney For: Plaintiff

Address: 712 S. Howard Ave Unit 205

Tampa, FL 33606

Florida Bar Number: 1044359

**MIKE CARUSO**
As Clerk of the Court

By: _____

As Deputy Clerk

NOT A CERTIFIED COPY

Florida Rules of Civil Procedure Form 1.902(b) (01/06/2025)

Page 1 of 2

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

NOT A CERTIFIED COPY

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355 4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

Filing # 244227454 E-Filed 03/20/2026 08:04:51 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AK"
CASE NO.: 502026CA003138XXXAMB

JOHN MARZ,
    Plaintiff/Petitioner
vs.

UNIVERSITY ATHLETIC ASSOCIATION INC,
    Defendant/Respondent.

_____/

### UNIFORM DIFFERENTIATED CASE MANAGEMENT ORDER
### AND ORDER SETTING TRIAL
(DCMSNT)

    **THIS MATTER** is a Circuit Civil case calling for a non-jury trial (or streamlined jury by stipulation or court order). Pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.250(a)(1)(B) and 2.545(b), and Fifteenth Judicial Circuit Administrative Order 3.110 (as amended), **Plaintiff/Petitioner is directed to serve this Order upon each Defendant/Respondent with the initial Complaint/Petition and Summons**.

    It is hereby **ORDERED AND ADJUDGED** that this case is designated to the **STREAMLINED TRACK** for time to disposition. The deadlines and procedures set forth in this Order will be strictly enforced unless changed by court order.

Consistent with the Professionalism Expectations of the Florida Supreme Court and the Florida Bar, the parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements. Self-Represented/*Pro Se* Litigants (i.e., those without counsel) are held to the same procedural and legal obligations as are imposed upon counsel.

I.  **SCHEDULING**

    A.  **Calendar Call**

        **YOU MUST APPEAR FOR A MANDATORY CALENDAR CALL on June 4, 2027 at 9:00 am**. The parties must be ready to try the case by that date. The actual trial period begins on the docket associated with this Calendar Call date as provided in Divisional Instructions or by court order.

        Calendar Call may be conducted in person, via Zoom or by e-calendar. All parties are instructed to review the Court's Divisional Instructions for specific procedures at www.15thcircuit.com/divisions.

FILED: PALM BEACH COUNTY, FL, MICHAEL A. CARUSO, CLERK, 03/20/2026 08:04:51 AM

At the Calendar Call, the Court may conduct a final case management conference. Attorneys who appear for Calendar Call must be prepared on all pending matters and have authority to make representations to the Court and enter into binding agreements concerning motions, issues, and scheduling. These include issues raised by the parties' Pre-Trial Stipulation; trial procedures; jury selection procedures; jury instructions and objections; and the need for any special equipment, courtroom facilities, or interpreters. An appearing attorney must be prepared to advise the Court of all attorneys' availability for trial and future hearings as necessary.

**This Order serves as notice to the parties that failure to attend Calendar Call will result in an Order of Dismissal without prejudice, or entry of default, without further notice or hearing.** *See* **Fla. R. Civ. P. 1.200(j)(6).**

B. **Case Management Deadlines**

The following deadlines strictly apply unless otherwise modified by the Court:

| | EVENTS | COMPLETION DEADLINE |
|---|---|---|
| 1. | Service of Complaint | July 16, 2026; service under extension is only by court order. |
| 2. | Answer and/or initial motions/objections directed to the pleadings (i.e. to dismiss or strike) | 20 days after service |
| 3. | Initial Discovery Disclosures | 60 days after service |
| 4. | Amendment of pleadings/Adding parties | August 25, 2026 |
| 5. | Resolution of all motions/ objections directed to the pleadings and pleadings closed | September 14, 2026 |
| 6. | Disclosure of Expert Witness(es) | February 4, 2027 |
| 7. | Disclosure of Rebuttal Experts | February 24, 2027 |
| 8. | Inspections, Expert Witness Depositions and Compulsory Examinations completed | March 16, 2027 |
| 9. | File Witness & Exhibit Lists | April 5, 2027 |
| 10. | Completion of Discovery relating to Summary Judgment and *Daubert* Motions | March 16, 2027 |
| 11. | File and Serve Motion(s) for Summary Judgment and *Daubert* Motions | March 26, 2027 |
| 12. | File Rebuttal Witness Lists | April 15, 2027 |
| 13. | Completion of All Discovery | April 25, 2027 |
| 14. | Pre-Trial Meet & Confer | May 5, 2027 |
| 15. | File all Pre-Trial Motions (i.e. Motions in Limine) | May 5, 2027 |
| 16. | Deadline for Mediation | May 25, 2027 |
| 17. | Deposition Designations | May 25, 2027 |
| 18. | File Joint Pre-Trial Stipulation | May 25, 2027 |

NOT A CERTIFIED COPY

Case No. 50-2026-CA-003138-XXXA-MB

| 19. | Deadline to hear ALL Motions | May 30, 2027 |
|---|---|---|
| 20. | Jury Instructions and Verdict Form | June 1, 2027 |
| 21. | Calendar Call/Trial Ready Date | June 4, 2027 |
| 22. | Trial Period | Begins on the docket associated with the above Calendar Call date, as provided in Divisional Instructions or by court order. |

**Note: If the above deadlines fall on a weekend or holiday, please refer to Fla. R. Gen. Prac. & Jud. Admin. 2.514.**

The parties are expected to actively manage the case and to confer early and often to ensure compliance with the Florida Rules of Civil Procedure and this order in timely resolving this case. **The parties are encouraged to file, meet, and make disclosures prior to the deadlines imposed above, in order to ensure compliance with the Rules requiring timely disposition of cases**.

The Court may, at any time, modify this Order by entry of: 1) an Amended Trial Order, 2) an Amended Case Management Order; or 3) any other Order intended to establish a modified case resolution schedule, any of which shall supersede the deadlines set forth in this Order. The Court reserves the authority to expedite the trial setting and amend pretrial deadlines accordingly. The Court further retains its discretion to modify any provision herein.

C. **Motions**

Unless court approval is required to set a particular motion for hearing, the parties must expeditiously set all contested motions for hearing. All non-dispositive motions, including motions directed to the pleadings, must be scheduled for hearing within **five (5) days** of filing. Parties shall schedule the hearing for the first vacancy on the Court's docket when all parties are available. **Failure to schedule a hearing within five (5) days may result in the Court deeming the motion(s) abandoned without further notice or hearing**.

The moving party shall be the party responsible for securing the presence of a court reporter. The moving party shall advise all parties in writing in advance of the hearing or trial of the arrangements made, if any, for the presence of a court reporter, or shall advise all parties in advance of the hearing or trial that the moving party has chosen not to obtain a court reporter.

Before filing a non-dispositive motion, the movant must follow Rule 1.202 and Local Rule 4. Failure to comply with the requirements of Rule 1.202 and Local Rule 4 may result in sanctions against the non-compliant party.

The requirements of Rule 1.202 do not apply when the movant or the nonmovant is unrepresented by counsel (*pro se*).

Case No. 50-2026-CA-003138-XXXA-MB

D.  **Extensions, Modifications and Continuances**

**Extensions of Deadlines Other than Trial/Calendar Call: All motions to extend deadlines must be filed prior to the deadline.** Untimely motions will be denied absent compelling circumstances and a showing of good cause.

The parties must strictly follow Rule 1.200(e) and Administrative Order 3.110 (as amended) when filing motions for extension or modification. If the parties agree, <u>and</u> the extension will not prevent the case from being trial ready by the original Calendar Call date, the parties may file a motion and submit for the Court's consideration an agreed order or proposed Amended DCMO, as applicable under Rule 1.200(e)(1). The motion shall identify which deadlines are requested to be extended and the basis for the request. Each agreed order or Amended DCMO must contain agreed-upon dates for all remaining deadlines and confirm that the Calendar Call date remains as previously set. The Court will accept the amendment or direct the parties to set a DCM Conference. **Agreements to extend the dates for the filing of Summary Judgment and *Daubert* motions, and for completion of discovery, must be set for hearing, and the parties must be prepared to address how the proposed extension will not affect the Calendar Call date.**

**Motions to Continue Trial:** Motions to continue trial must strictly comply with Rule 1.460. **Motions to continue are disfavored and will rarely be granted and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case**. Failure to timely complete discovery and/or file a motion for summary judgment shall not be grounds to continue the trial.

E.  **DCM Conferences**

If any party is unable to meet the deadlines set forth in this Order for any reason, including unavailability of hearing time, the affected party must promptly set a DCM conference as described in Administrative Order 3.110 (as amended), identifying the hearing time requested and the pending motion(s). DCM conferences shall be scheduled through online scheduling (OLS) on either the Court's: 1) DCM - Case Management Conference docket; or 2) Uniform Motion Calendar, in accordance with Divisional Instructions.

II. **UNIFORM PRE-TRIAL PROCEDURE**

A.  TIMELY SERVICE AND DEFAULTS

Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within ninety (90) days, an Order will be issued directing service by the **ONE-HUNDRED TWENTY (120) DAY DEADLINE**. Failure to comply will result in dismissal of the case or party for lack of service. Any motions to extend the deadline for service must specify why service could not have been effectuated, what has and is being done to effectuate service and request only that amount of additional time necessary.

Case No. 50-2026-CA-003138-XXXA-MB

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **thirty (30) days** of the last default and set for hearing at the next available hearing time.

B. INITIAL DISCLOSURES

Within **sixty (60) days after service** on a defendant, and except as exempted by Rule 1.280(a)(2) or as ordered by the court, each party must, without awaiting a discovery request, provide to the other parties initial discovery disclosures in compliance with Rule 1.280(a), unless privileged or protected from disclosure.

C. EXHIBITS AND WITNESSES

No later than **sixty (60) days before Calendar Call**, each party shall file and exchange lists of all trial exhibits, names, and addresses of all trial witnesses. Each party's witness list must include a brief description of the substance and scope of the testimony to be elicited from each witness. Both sides must cooperate in the scheduling of all witness depositions.

Each party's exhibit list shall include each exhibit separately numbered and identified. Generic or prospective designations are not allowed (e.g. insurer's file, documents to be produced, etc.). Each party shall provide for a reasonable time and place for the other parties to review and copy the exhibits.

D. EXPERT WITNESS DISCLOSURES

In addition to the names and addresses of each expert retained to formulate an expert opinion, as well as any hybrid fact/expert witnesses, no later than **one-hundred and twenty (120) days before Calendar Call**, the parties must provide:

1. The subject matter about which the expert will testify;
2. The opinions to which the expert will testify;
3. A summary of the grounds and facts for each opinion; and
4. A copy of the expert's curriculum vitae.

**Each expert will be limited to testifying only about those matters which have been fully disclosed.**

Parties shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking their deposition. All parties shall cooperate in the scheduling of expert depositions.

The parties shall also provide answers to standard form expert interrogatories. All reports or other data compiled by each disclosed expert which are intended to be used by the expert and/or referred to during his/her deposition testimony shall be provided

Case No. 50-2026-CA-003138-XXXA-MB

electronically to all opposing parties at least 72 hours prior to the date of the scheduled deposition.

**Rebuttal/Responsive Experts**

No later than **one-hundred (100) days before Calendar Call**, the parties shall provide opposing counsel with a written list with the names and addresses of all rebuttal/responsive expert witnesses intended to be called at trial and only those rebuttal/responsive expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of all rebuttal/responsive expert witnesses' anticipated testimony to the same extent as the expert disclosure requirement above.

Within **twenty (20) days** following this disclosure, the parties shall make their rebuttal/responsive experts available for deposition. The experts' depositions may be conducted without further court order.

E.  REBUTTAL FACT WITNESSES AND EXHIBITS

No later than **fifty (50) days before Calendar Call**, the parties must file and exchange lists of names and addresses of all rebuttal fact witnesses and lists of any rebuttal exhibits.

F.  ADDITIONAL EXHIBITS, WITNESSES OR OBJECTIONS

At trial, the parties will be strictly limited to exhibits and witnesses previously disclosed absent agreement of the parties or order of the Court upon good cause shown. A party desiring to use an exhibit or witness discovered after counsel have conferred must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Failure to reserve objections constitutes a waiver. Use of the exhibit or witness may be allowed by the Court for good cause shown.

G.  DEPOSITION DESIGNATIONS

No later than **ten (10) days prior to Calendar Call**, each party must serve deposition designations, or portions of depositions, each intends to offer as testimony. No later than **eight (8) days prior to Calendar Call**, each opposing party is to serve any counter (or "fairness") designations, together with objections to the depositions, or portions thereof, originally designated. No later than **five (5) days before Calendar Call**, each party must serve any objections to counter-designations served by an opposing party.

H.  DISCOVERY COMPLETION

All discovery relating to Summary Judgment and *Daubert* motions must be completed no later than **eighty (80) days prior to Calendar Call**.

All discovery must be completed no later than **forty (40) days prior to Calendar Call**.

Rulings as to admission on late discovery will be made on a case by case basis. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

I. <u>COUNSEL MEETING AND PRE-TRIAL STIPULATION</u>

Counsel or the parties, if not represented by counsel, shall meet in person at a mutually convenient time and place no later than **thirty (30) days before Calendar Call** to discuss settlement, simplify the issues, and stipulate to as many facts and issues as possible, and prepare a Pre-Trial Stipulation in accordance with this paragraph.

It shall be the duty of Plaintiff's counsel to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **ten (10) days prior to Calendar Call. UNILATERAL PRE-TRIAL STIPULATIONS ARE DISALLOWED, UNLESS APPROVED BY THE COURT AFTER NOTICE AND HEARING**. If a party does not receive a substantive response to a proposed Pre-Trial Stipulation after good faith effort, such party shall file a unilateral Pre-Trial Stipulation with a certification of all efforts that were made to confer with the opposing party. Counsel for all parties are charged with good faith cooperation in preparing the Pre-Trial Stipulation, and the parties shall make exhibits available for inspection and copying. Failure to cooperate in preparing the Pre-Trial Stipulation may result in striking pleadings, witnesses, or exhibits.

The Pre-Trial Stipulation must contain the following in separately numbered paragraphs:

1. Names and contact information of attorneys to try case.
2. A list of all pending motions requiring action by the Court. **Motions not listed are deemed abandoned or waived**.
3. A statement of estimated trial time, including the total number of trial days anticipated, and the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.
4. **Statement of the Facts:** A concise statement of the facts in an impartial, easily understandable manner which may be read to the jury.
5. **Statement Facts and Agreed Rules of Law:** A list of any stipulated facts requiring no proof at trial and any agreed rules of law.
6. **Statements of Disputed Law & Fact:** A statement of disputed issues of law and fact that are to be tried.
7. **Witness Lists:** Parties must attach their previously filed Witness Lists,

NOT A CERTIFIED COPY

Case No. 50-2026-CA-003138-XXXA-MB

including rebuttal or impeachment witnesses. If any party objects to any witness, such objections must be stated in the Stipulation, setting forth the grounds with specificity. At trial, all parties will be strictly limited to witnesses properly and timely disclosed. Only those witnesses listed by NAME will be permitted to testify at trial.

8. **Exhibit Lists:** Parties must attach their previously filed Exhibit Lists. All exhibits to be offered in evidence at trial must have been made available to opposing counsel for examination. Only those exhibits listed may be offered in evidence. If any party objects to the introduction of any such exhibit, such objection must be stated in the Pre-Trial Stipulation, setting forth the grounds with specificity. Demonstrative exhibits (e.g. PowerPoints, charts, enlargements of exhibits) to be used at a Jury Trial must be displayed to all counsel before being shown to the jury. All exhibits must be pre-marked and numbered consistent with Clerk guidelines.

9. **Jury Instructions:** Counsel must identify all agreed-upon standard jury instructions and all special instructions. Any objections or disputed jury instructions must be attached and identified as to the party that proposed the instruction [indicated in redline/track changes]. Copies of all agreed-upon instructions or disputed instructions must be attached to the Stipulation as one document, redlined as necessary, along with copies of supporting statutory citations and/or case law.

10. **Verdict Forms:** The jury verdict form must be attached and designated as agreed to or disputed.

11. **Peremptory Challenges:** State the number of peremptory challenges for each party.

12. Other agreements or issues for trial, if any.

Failure to file a Joint Pre-Trial Stipulation as provided above may result in Court-imposed sanctions, including dismissal or default without further notice of the Court.

J. <u>MOTIONS</u>

**Summary Judgment and *Daubert* Motions** must be filed at least **seventy (70) days before Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions and motions in limine), deposition objections, and expert challenges must be filed, served and heard at least **five (5) days before Calendar Call**.

K. <u>PRE-MARKING EXHIBITS</u>

Prior to trial, each party is to mark for identification all exhibits in accordance with the guidelines of the Clerk of Court. Instructions and templates may be found at: www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence).

L. <u>ENLARGED JURY PANELS</u>

Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. **To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least six (6) months before Calendar Call**. Failure to timely request an enlarged panel may result in Court-ordered sanctions, including a limitation on peremptory challenges.

M. <u>INTERPRETERS</u>

Unless otherwise ordered by the Court, it shall be the responsibility of the party who needs the services of an interpreter, whether for a litigant or for a witness, to have a competent interpreter present in court.

N. <u>JURY INSTRUCTIONS AND VERDICT FORM</u>

A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **three (3) days before Calendar Call** in a printed form appropriate for submission to the jury and in Microsoft Word format.

If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation, and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

O. <u>UNIQUE QUESTIONS OF LAW</u>

Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

III. **MEDIATION**

A. <u>MEDIATION REQUIRED</u>

1. All parties are required to participate in mediation.
2. The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.
3. At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of issues as to each party.
4. All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.
5. The mediator has no power to compel or enforce a settlement agreement. If a

Case No. 50-2026-CA-003138-XXXA-MB

settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

B.  <u>MEDIATION SCHEDULING</u>

**The Plaintiff's attorney is responsible for scheduling mediation**. The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C.  <u>COMPLETION OF MEDIATION BEFORE CALENDAR CALL</u>

Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than **ten (10) days prior to Calendar Call**. If mediation is not conducted, or if a party fails to participate in mediation, the Court may impose sanctions, including monetary sanctions, striking pleadings and witnesses, and dismissal or default without further notice of the Court.

D.  <u>OPPOSITION TO MEDIATION</u>

Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

IV.  **<u>NON-COMPLIANCE</u>**

**NON-COMPLIANCE WITH ANY PORTION OF THIS ORDER MAY RESULT IN THE STRIKING OF THE PLEADINGS, WITNESSES, OR EXHIBITS, ENTRY OF DEFAULT OR DISMISSAL WITHOUT FURTHER NOTICE OF THE COURT, OR IMPOSITION OF SUCH OTHER SANCTIONS AS IS JUST AND PROPER.**

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2026-CA-003138-XXXA-MB   03/20/2026
James Sherman   Judge

50-2026-CA-003138-XXXA-MB   03/20/2026
James Sherman
Judge

A copy of this Order has been furnished to the Plaintiff. The Plaintiff shall serve this Order to the Defendant(s) in compliance with Administrative Order 3.110 (amended).

Case No. 50-2026-CA-003138-XXXA-MB

# ADA NOTICE

This notice is provided pursuant to Administrative Order No. 2.207-7/22

"**If you are a** <u>**person with a disability**</u> **who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**"

"**Si usted es una** <u>**persona minusválida**</u> **que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**"

"**Si ou se yon** <u>**moun ki enfim**</u> **ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.**"